## KILBY v ILGEN
### Case No. 89-09-AP
Fourth Judicial Circuit, Duval County
July 24, 1989

**APPEARANCES OF COUNSEL**

**Juliet D. Kilby,** appellant, pro se.

**Terri Ilgen,** appellee, pro se.

## OPINION OF THE COURT

MAJOR B. HARDING, Circuit Judge.

The issue in the above-styled cause is whether the trial court properly granted Plaintiff/Appellee a default judgment and writ of possession when Defendant/Appellant has filed for bankruptcy.

Defendant/Appellant filed a Chapter 11 petition in bankruptcy on January 5, 1988. Previously a lease agreement was entered into with Plaintiff/Appellee on December 23, 1987. Plaintiff/Appellee filed a Complaint to Evict Tenant on January 10, 1989, citing Defendant/Appellant's failure to pay rent as of October 5, 1988. Defendant/Appellant filed only a Notice of Bankruptcy in the case. The court

entered a default judgment and writ of possession on January 25, 1989. Defendant's Motion to Set Aside Default was also denied.

The cases cited by Appellant in her brief do not provide a basis for the relief requested. The landlord here filed suit to evict the tenant for failure to past post-petition rent. The automatic stay provisions of the bankruptcy code do protect property of the estate. Property of the estate comprises any legal or equitable interest, including possessory interest in a residence. 11 USC § 541(a).

A landlord cannot, therefore, bring suit to evict a tenant, even when the grounds for eviction arise post-petition, without first obtaining relief from the automatic stay. *In re Whitt,* 79 Bankr. 611 (Bankr. E.D. Pa. 1987); *In re Boston Business Machines,* 87 Bankr. 867 (Bankr E.D. Pa. 1988). The automatic stay was lifted in the case at hand, however, on October 1, 1988. (Record on Appeal p. 23). Furthermore, the debtor's request for reinstatement of the stay was denied on October 2, 1988.

The Plaintiff/Appellee's default judgment and writ of possession were obtained in accordance with bankruptcy law. The suit was brought on January 10, 1989, three months after the automatic stay was lifted. Defendant/Appellant has not stated a valid ground for reversal. The trial court decision should be affirmed.

Default judgment and writ of possession order by the trial court was proper and in accordance with bankruptcy law. Defendant/Appellant has failed to show error in the trial court proceedings.

Therefore, it is

ORDERED

The decision appealed is affirmed.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 24th day of July, 1989.